## THE PEOPLE *v.* THE PORT AMERICA CO. ET AL.

### APPEAL from the District Court of Guayama.

No. 115.—Decided June 28, 1907.

ACTION—PARTIES.—Although a party defendant may have no interest in the action, that fact will not deprive him of the right which he undoubtedly has to defend himself by all the means granted him by law in an action brought against him, because he at least has an interest in such an action to the extent that he may be affected by the imposition of costs.

ID.—ALLEGATIONS—DEMURRER—NO CAUSE OF ACTION.—The allegations of a defendant demurring to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against him, because it failed to state what interest he had in the litigation, cannot benefit the other defendants in the same situation who fail to answer the complaint, because they may have some interest in the matter and consent to the action and the final decision rendered therein. The better practice in such cases is to wait until the parties take such steps in the matter as their rights demand.

ID.—JUDGMENT.—A court cannot dismiss a complaint when it appears that it has jurisdiction of the person of the defendant and of the subject matter of the action. In cases where judgment is not entered for withdrawal or abandonment, in accordance with the provisions of section 192 of the Code of Civil Procedure, the judge is bound to render judgment in accordance with the result of the evidence taken in the action.

ID.—FORECLOSURE OF MORTGAGE—PROCEDURE.—For the recovery of a mortgage an execution creditor may prosecute the ordinary action provided for by the Code of Civil Procedure, or the summary proceedings established by the Mortgage Law and its Regulations.

The facts are stated in the opinion.

*Messrs. Feuille, Attorney General,* and *Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This action was commenced by the filing of a complaint in the District Court of the Judicial District of Guayama by The People of Porto Rico represented by the Attorney General.

The object of this action is to recover $12,500 costs, charges, and expenses for which the Port America Co. constituted a mortgage upon two properties belonging to it, to secure its faithful compliance with the conditions imposed upon it by a franchise granted for the construction and operation of railroads in this Island and none of which conditions, it is claimed, have been complied with by the said company; and this is the reason for the judicial recovery herein sought.

This complaint is also directed against Eduardo Lugo Viñas, the person who, acting as the attorney in fact of said company, appeared at the execution of the mortgage deed in favor of The People of Porto Rico, and likewise as principal, because the said Lugo Viñas subsequently to the constitution of said mortgage acquired the property known as "Pozuelo," upon which one of the mortgages in favor of The People of Porto Rico is constituted.

The complaint is also directed against Fernando Lugo Viñas and 28 other persons "because plaintiff has been informed and believes that all these persons claim to have some interest in the properties mortgaged and described in the said complaint," but plaintiff alleges that "such interests, if they exist, are subsequent to the rights of the plaintiff under the mortgage constituted in its favor."

The complaint also states the historical facts relating to the matter, and concludes with the following prayer:

"First. That the defendant, The Port America Co., be adjudged to pay the plaintiff herein the sum of twelve thousand five hundred dollars ($12,500) due for the amount secured by said mortgage, and the costs, charges and expenses of this suit; and that the

defendants, and all persons claiming by, · under or through them subsequent to the execution of said mortgage, and all other persons, although not parties to this suit, who have any liens by judgment or decree or otherwise, subsequent to the mortgage of the plaintiff, may be barred and foreclosed of all equity of redemption and claim of, in and to the said mortgaged premises, and every part and parcel thereof, with the apurtenances.

"Second. That all and singular the said mortgaged premises be sold under the decree of this court, and that out of and from the proceeds arising from the sale thereof may be paid: (1) The costs, charges and expenses of this suit; (2) The taxes, if any, remaining unpaid thereon; (3) The principal sum mentioned in said mortgage.

"Third. That the court order and adjudge that the plaintiff herein have such other and further relief, either general or special, as the nature of the case may require and to the court may seem meet.

. "Fourth. That a summons may be issued out of and under the seal of this court directed to the Port America Co., Eduardo Lugo Viña, Fernando Lugo Viña, Juan S. Benvenutti, Evangelista Burgos, Abdon Collazo, Carlos Baez, Eustaquio Cordero, Eulogio de Jesús, Nicolás Godina, Gumersindo Ortiz, Justiniano Cruz, Cornelio Tirado, Ramón Rodríguez, Gregorio Alamo, Marcelino Rodríguez, Inés Correa, Simplicio Beltran, Carlos Rolón, Arsenio Ruiz, Benigno Correa, Santiago Madera, Eraclio González, Santos Estrada, Telesforo Rolón, Soto de la Merced, Felipe Collazo, Braulio Ramos, Melitón Baez, Felipe Blek and Rafael López, the defendants herein, thereby commanding them and each of them on a certain day and under a certain penalty to be therein inserted, personally to be and appear before this court, then and there to answer all and singular the premises, and to stand to, abide and perform such order and decree therein as this court shall make.—Frank Feuille, Attorney General."

According to the brief of appellant all the defendants, except The Port America Co. and Eduardo Lugo Viña, have been cited.

Fernando Lugo Viña, one of the defendants, who, as stated, was cited, appeared and demurred to the complaint on the ground "that it does not state facts sufficient to constitute a cause of action."

"(*a*) Because this defendant is not and never has been the owner of the properties involved in this suit; nor has he entered into any contract whatever with The People of Porto Rico concerning the same; nor does the complaint state what interest, right or action of said defendant it is brought against; nor is it stated in the complaint what rights of defendant (in case he had any), it is sought to attack by the said complaint.

"(*b*) Because the bond under which plaintiff seeks to recover is a conditional bond to secure compliance with a contract, and for damages resulting from such failure to comply, and that another action should have been previously brought and concluded by final judgment holding that the contract had not been complied with, and stating the amount of the damages occasioned thereby.

"(*c*) Because the said bond has become extinguished by the extension granted by the creditor without the consent of the present owner of the properties in question. There is a misjoinder of parties defendant. In fact, with the exception of The Port America Co., which constituted the bond, and the defendant Eduardo Lugo Viña, the present owner of the properties encumbered, the only action which could be brought against them at any time would be an action of unlawful detainer and not such an action as is sought to be prosecuted, because defendants are not parties to the principal contract nor the bond under which it is sought to recover. The complaint is ambiguous. The ambiguity consists in that plaintiff does not state what kind of action he is bringing, whether it is a real mortgage action or a personal action for the recovery of money; the procedure followed by the plaintiff is really not applicable to any of the actions mentioned, this bringing about a condition under which it is impossible for the defendants, and among them the defendant demurring herein, to answer the complaint with the certainty, precision and clearness necessary in any of such actions. Defendant prays the court that, after setting a day for the argument of this demurrer, it sustain the same and dismiss the complaint, with the costs against the plaintiff. Guayama, November 22, 1906. Attorney Ramón Nadal, Counsel for defendant.—Fernando Lugo Viña."

The District Court of Guayama having heard the allegations of Fernando Lugo Viña and those of The People of Porto Rico, represented by the district *fiscal,* rendered judgment on December 18, 1906.

The court, at the request of the *fiscal,* made an explanation of this judgment in the following manner:

"In view of the provisions of section 105, subdivisions 4 and 6, of the Code of Civil Procedure, and article 168 of the Regulations for the execution of the Mortgage Law, and the judgments of the Supreme Court of Porto Rico, dated December 21, 1904, and February 8, 1906, sustains the demurrer filed herein because the complaint does not state facts sufficient to constitute a cause of action under any proceeding against any of the defendants, except The Port America Co. and Eduardo Lugo Viña; and in so far as these defendants are concerned, although plaintiff has a cause of action against them, it has not adopted the proper procedure; and such plaintiff must follow the procedure established by articles 128 *et seq.* of the Mortgage Law. Therefore the court hereby dismisses the complaint as to all of the defendants. The *fiscal* reiterates his exception taken hereto."

The People of Porto Rico represented by the Attorney General took an appeal to this Supreme Court and has here filed a written brief and argued the case at the oral hearing, counsel for defendant, Fernando Lugo Viña, also being present and making such argument as he deemed proper in support of his contention.

In its brief appellant maintains two propositions.

First. The unconstitutionality of the summary proceeding under the Mortgage Law for the foreclosure of mortgages because it is alleged it is not due process of law.

Second. The repeal of that procedure from the time when the Code of Civil Procedure, approved March 1, 1904, went into effect in this Island.

We have already disposed of these questions in the case of *Emilia Jiménez and Felicia Garriga y Brenes* v. *Julio Brenes y Aponte,* (10 P. R. Rep., p. 124).

And now, in view of the elaborate and well-considered brief of the appellant from its point of view, we might add other reasons in support of our opinion rendered at that time,

but it is not, in our judgment, necessary at this time, and we will now consider the order appealed from.

It is true that Fernando Lugo Viña, in his demurrer, starts out by stating that he has no interest in this litigation, but this statement does not deprive him of his unquestioned right to defend himself in the action brought against him by all of the means granted him under the law and afforded him by the complaint itself. It is certain that if he had not been included among the defendants he would have made no allegations herein whatever, but, now, in addition to the weak flank of the complaint exposed to him, he had an interest which the plaintiff has not noticed, and that is to avoid the imposition of costs against him.

So that this defendant, duly summoned, had a perfect right to defend his interests, and the demurrer filed by him comes within the right of such defense.

This having been established, it is indubitable that the complaint does not state, as far as he is concerned, facts sufficient to constitute a cause of action, because it is therein said that plaintiff believes that he has an interest in the matter, and this interest is not defined; it is not stated whether he has a real right in the mortgaged properties, whether he possesses them, or under what title, whether he is the lessee thereof or a tenant at sufferance. In fact, the complaint starts out with a vague supposition that the defendant has some interest in these properties and that these supposed rights are subordinate to the rights now claimed by The People of Porto Rico. Thus it is seen that he is unable to determine against what charges he must defend himself.

Therefore in this respect we agree with the judgment appealed from.

We do not agree with that part of the judgment appealed from which affects the other defendants who are in the same position as Fernando Lugo Viña.

Because these defendants, although they were also cited, have made no allegations whatever, and it might be that they have some interest or that they are satisfied with the complaint and final judgment which may be rendered in this action against them.

The allegations of Fernando Lugo Viña, who is acting alone and in his own behalf, cannot for the reasons stated benefit the other defendants who are in the same position as he, notwithstanding the fact that from the face of the complaint it does not definitely appear what class of action is sought to be prosecuted against them, but it is a good practice in such cases for the judge to assume a passive attitude, because it might be that he would find himself obliged to allow an answer to be filed after the expiration of the period or the term provided for by law, according to section 140 of the Code of Civil Procedure; and in that case these defendants might demur to or answer the complaint upon its merits in opposition thereto or agreeing to the same.

We will now consider the judgment appealed from in its effect upon the mortgage debtor, The Port America Co., and the third possessor of one of the mortgaged properties, who is Eduardo Lugo Viña.

The District Court of Guayama should not have dismissed the complaint in so far as they were concerned, because that court apparently has jurisdiction of the persons of the defendants and of the subject matter of the action in this case.

The reason upon which that court bases its judgment is untenable because it refers the plaintiff to the summary procedure established by article 128 *et seq.* of the Mortgage Law and the concordant articles of the Regulations for the execution thereof, without taking into account the form and the prayer of the complaint and the fact that the action is not brought against the mortgage debtor and the third possessor only, but that it also includes a multitude of persons who do not possess that character and who do not appear in the

mortgage deed in any capacity; and those persons can never be compelled to submit to that proceeding as is provided by the very articles of the law which the judge cites in support of his decision.

Complaints must either be withdrawn at the petition of the defendants, or they must be declared by the court to have been abandoned in the cases expressly specified in section 192 of the Code of Civil Procedure.

When these cases do not arise the judge is then bound, according to the provisions of section 193, to render judgment in accordance with the facts in the case.

There is a further reason of a different nature but of no less importance.

From the time that the Code of Civil Procedure went into effect we have never held that the only proceeding under which mortgages might be recovered upon is that provided for by the Mortgage Law, and there has been a case in which the ordinary procedure provided for by the new Code has been followed, and we raised no objection thereto, the case having been decided only upon the facts appearing therein.

But the time has come when this point must be considered because the appeal was taken under such circumstances as to render it necessary to give an opinion which will serve as a guide for the other courts and mortgage creditors themselves.

The only reasons which led to the establishment of the summary proceedings of the Mortgage Law are found to be explained in simple and eloquent terms in the statement of reasons which precede that law.

The paragraph which refers to that proceeding reads as follows:

"But where the voice of experience has been heard with the greatest clamor against the law, demanding immediate relief, is where it refers to the procedure for making mortgage debts effective. Its crushing confusion, the uncertainty of results, and its incalculable cost restrain capital or suggest usurious conditions; sales and resales

take the place of loans, with the object of avoiding all proceedings to the prejudice of the landowner; interest is stipulated which triplicates the capital loaned, and perhaps by the employment of other means the debtor is exposed to penal responsibility, converting the sanctity of laws enacted for the punishment of crimes into a vile instrument of avarice against the unfortunate. Distrust causes these means to be employed because the legal procedure does not satisfy the reasonable requisites of contracts, and to uproot these evils, to furnish land with the capital it needs, and to give the lender assurances of speedy and easy recovery of his loans, is the object of the most important reform proposed by the Government, suppressing proceedings which, without positively guaranteeing one's rights, destroy those most sacred. Previous appraisement, uniformity of judicial action in all necessary investigations, suppression of all litigation, only one summons and the immediate sale by auction, are the basis of the new law. We have abolished suits, exemptions, letters requisitorial (*exhortos*), writs of attachment on the mortgaged property, proceedings in the nature of a demurrer, simultaneous auctions, and a great many other barriers in the path of the credit of realty, which had been placed with the best of intentions, but from which those in good faith were the only victims.''

And in the report of the committee it is added:

''And, lastly, a substantial modification is introduced with respect to the proceeding to render effective the right secured by mortgage which will greatly facilitate the lending of money upon real estate, by suppressing all the trammels, difficulties, and great expenses which have hitherto interfered with the development thereof. It may be said that this reform, together with those already approved by the Senate, is the most important among those contained in the bill. And if account is taken of the fact that experience has in a certain manner recognized its success, not only through the example furnished by some foreign States, but also through that offered by mortgage-loan institutions which are developing a proceeding similar thereto on account of its simplicity and which, however, it would be hazardous to consider as sufficiently effective for its purposes; it is not to be wondered that the committee should report favorably upon its general application and give a similar opinion as to the other reforms contained in this third group, some of which have been for a long time demanded by public opinion, while others aim to promote land credit,

without in the least impairing created interests and much less violating, in any manner, the cardinal principles of our civil legislation.''

Those and no others were the reasons which suggested the reform for the purpose of developing the territorial credit by a short and inexpensive procedure under which the interests of the mortgage creditor and the no less sacred rights of the debtor are respected, because the general law of procedure then in force was slow and expensive for the parties.

But things have changed. Now, the new Code of Civil Procedure is much more speedy in its procedure than the summary procedure, and affords the mortgage creditor this rapid method of accomplishing his purpose, because it has the advantage of deciding in one action all the questions which may be raised by the defense and while within the procedure of the Mortgage Law are reserved to be resorted to in an ordinary action prosecuted independently of that proceeding.

If this is so and if one of the reasons which brought about the establishment of the Mortgage Law procedure was to furnish a speedy remedy for the recovery of money secured by mortgage, and if this rapid remedy may be found by the creditor within the ordinary actions governed by the new Code of Civil Procedure because it avoids subsequent suits, he cannot be obliged to follow the procedure of the Mortgage Law and he may choose one or the other of these proceedings as he may deem proper, it being almost certain that no execution debtor, acting in good faith, will allege in opposition to the election by the mortgage creditor of the ordinary procedure provided for by the Code of Civil Procedure now in force; because in that same action so elected he has, as has hereinbefore been stated, the means of defense afforded him by the Mortgage Law and which may be exhausted before the sale of his properties which have been given as security for

the debt by mortgage under the contract entered into with the creditor.

In view of all the foregoing the judgment appealed from must be affirmed in so far as it sustains the demurrer filed by the defendant, Fernando Lugo Viña, on the ground that the complaint does not state facts sufficient to constitute a cause of action against him, and must be [affirmed] in so far as said demurrer is sustained, without any allegation having been first made in favor of the other defendants in the same position; and it must be reversed with respect to the other two defendants, The Port America Co. and Eduardo Lugo Viña, the debtor and third possessor, respectively, according to the complaint; and it is hereby ordered that the judge, in conformity with the foregoing, proceed in accordance with law to entertain the ordinary proceedings chosen by the plaintiff, The People of Porto Rico.

*Accordingly decided.*

Justices Hernández and Wolf concurred.
Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

For similar reasons to those given in my dissenting opinion filed, in the case of *Emilia Giménez et al.* v. *Julio Brenes Aponte,* on the 26th day of February, 1906, I am constrained to dissent from the opinion of the majority of the court in the present case. Many other and perhaps stronger reasons might be given for my dissent in the case at bar, but to state them at length would be useless at this time. In my view the Attorney General took the proper course, in bringing this suit, and should have been sustained on all points.